**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Walker, | No. CV-15-08288-PCT-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Emil Botezatu, et al., | |
| Defendant. | |

Pending before the Court are Plaintiff's Complaint for Damages (Doc. 1), and Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). The Court will grant Plaintiff's Application. However, as detailed below, the Court will dismiss Plaintiff's Complaint because his claims are either time-barred or he failed to allege facts sufficient to state a claim for relief. The Court will allow Plaintiff leave to file an amended complaint.

**I.     Application to Proceed in District Court Without Prepaying Fees or Costs**

In Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, he declares under penalty of perjury that he is unable to pay the filing fee and other costs associated with this case. Plaintiff has presented financial information to support his Application. Given Plaintiff's lack of significant income and assets, the Court will grant his Application.

**II.    Screening IFP Complaints Pursuant to 28 U.S.C. § 1915(e)(2)**

For cases proceeding *in forma pauperis*, Congress provided that a district court

"shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (noting that section 1915(e) applies to all *in forma pauperis* complaints, not merely those filed by prisoners).  Accordingly, "section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez*, 203 F.3d at 1127.

### III.    Analysis of Plaintiff's Complaint

In his Complaint, Plaintiff asserts claims for "theft and related offenses" and intentional infliction of emotional distress against Defendant Emile Botezatu. (Doc. 1 at 3-4.)[1]   Plaintiff's claims are based on the following allegations: (1) Defendant stole Plaintiff's passport from him while Plaintiff was in Romania in the summer of 2012, causing Plaintiff to obtain an emergency travel replacement passport and to be detained and questioned by United States Customs and Border Protection Officers; and (2) "Plaintiff was warned, by persons he met while visiting his wife in Romania, that [Defendant] made threats against him if Plaintiff was to contact ICE about Defendant's illegal presence and employment in Las Vegas."  (*Id.* at 2-3.)[2]

---

[1] It is unclear whether Plaintiff seeks to assert his claims under Arizona or Nevada law. The Court will construe Plaintiff's "theft and related offenses" claim as a tort claim for conversion under either Arizona or Nevada law.  To the extent Plaintiff seeks to assert criminal claims under either state's laws, such claims do not allow for a private right of action.

[2] Plaintiff also attaches a 2004 complaint filed in Nevada state court, and asserts that he "re-alleges each and every factual allegation as set forth in the attached Complaint . . . and hereby incorporates same by reference, as if all were set forth fully herein."  (Doc. 1 at 2.)  However, the attached complaint asserts criminal claims under Nevada law that do not allow for a private right of action, and Plaintiff was not a party to, or alleged to be damaged by, Defendant's conduct alleged in the 2004 complaint.  Further, any causes of action asserted in that complaint would, over 11 years later, be time-barred.  Accordingly, Plaintiff's reference to the 2004 complaint does not state a claim for relief in this action.

### a. Plaintiff's Conversion Claim

The Court will dismiss Plaintiff's conversion claim as time-barred. Plaintiff's claim is subject to either a two- or three-year statute of limitations. *See* Ariz. Rev. Stat. Ann. § 12-542 (setting out two-year statute of limitations for tort claims); *Jackson v. Am. Credit Bureau, Inc.*, 531 P.2d 932, 934 (Ariz. Ct. App. 1975) (applying A.R.S. § 12-542 to a conversion claim); Nev. Rev. Stat. § 11.190(3)(c) (a three-year statute of limitations applies to property torts such as conversion, interference with contractual relations, and interference with prospective economic advantage).

Here, Plaintiff asserts claims based on the taking of his passport, which he alleges occurred in the summer of 2012—over three years before filing his November 27, 2015 Complaint in this case. (Doc. 1.) Plaintiff does not set forth any allegations that show his causes of actions accrued after November 27, 2012, or that the applicable statute of limitations was tolled. Therefore, the Court will dismiss Plaintiff's conversion claim as time-barred.

### b. Plaintiff's Intentional Infliction of Emotional Distress Claim

The Court will likewise dismiss Plaintiff's claim for intentional infliction of emotional distress. To the extent Plaintiff asserts that claim based on Defendant's taking of Plaintiff's passport, that claim is also time-barred by the applicable two-year statute of limitations under Arizona and Nevada law. *Cecala v. Newman*, 532 F. Supp. 2d 1118, 1142 (D. Ariz. 2007) (applying two-year statute of limitations to an Arizona intentional infliction of emotional distress claim); Nev. Rev. Stat. 11.190(4)(e); *State Farm Mut. Auto Ins. Co. v. Fitts*, 99 P.3d 1160, 1161 (Nev. 2004) (recognizing the "two-year statute of limitations governing tort actions brought in Nevada").

Further, to the extent Plaintiff's claim is based on his allegation that "[m]ore than a year ago," Plaintiff was "warned" by third parties that Defendant had generally made "threats" against Plaintiff if Plaintiff contacted "ICE about Defendant's illegal presence and employment in Las Vegas," such a general allegation is insufficient to state a claim for relief.

Rule 8(a) of the Federal Rules of Civil Procedure provides that to state a claim for relief, a complaint must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." The complaint also must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The complaint must also provide each defendant with a fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F. 3d 1172, 1176 (9th Cir. 1996). Even where a complaint has the factual elements of a cause of action present but scattered throughout and not organized into a "short and plain statement of the claim," the Court may dismiss the complaint for failure to satisfy Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Dismissal of the complaint is appropriate if it is so "verbose, confused and redundant that its true substance, if any, is well disguised." *Gillibeau v. City of Richmond*, 417 F. 2d 426, 431 (9th Cir. 1969).

To state a claim for intentional infliction of emotional distress, Plaintiff must establish that: (1) the conduct of defendant was "extreme" and "outrageous"; (2) defendant intended to cause emotional distress or recklessly disregarded the near certainty that such conduct would result from his conduct; and (3) severe emotional distress occurred as a result of defendant's conduct. *Citizen Publishing Co. v. Miller*, 115 P.3d 107, 111 (Ariz. 2005); *Nelson v. Las Vegas*, 665 P.2d 1141, 1145 (Nev. 1993). The acts must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Mintz v. Bell Atlantic Systems Leasing International, Inc.*, 905

P.2d 559, 563 (Ariz. Ct. App. 1995) (quotation omitted); *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998).

Here, although Plaintiff asserts that Defendant's conduct was done "intentionally, willfully, maliciously, recklessly, [and] for the purpose to injure and damage the Plaintiff," Plaintiff's general allegation that he learned of "threats" from a third party falls short of the requirement that he assert factual allegations sufficient to show that Defendant's conduct was "extreme" and "outrageous." Accordingly, the Court will also dismiss Plaintiff's intentional infliction of emotional distress claim.

## IV.    Leave to Amend

The Court will give Plaintiff an opportunity, if he so chooses, to amend his Complaint to make his claims clear, to show that the applicable statutes of limitations were tolled, and to otherwise state a claim for relief. *See Lopez*, 203 F.3d at 1127 (when dismissing for failure to state a claim, "a district court should grant leave to amend if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In any amended complaint Plaintiff files, he must assert sufficient allegations to show that his claims accrued within the statutes of limitations or the statutes of limitations were tolled. (Doc. 7.) Further, in accordance with Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must write out, in short, plain statements, (1) the rights he believes were violated, (2) the name of the person or entity who violated each right, (3) exactly what that individual or entity did or failed to do, (4) how the action or inaction of that person or entity is connected to the violation of each right, and (5) what specific injury was suffered because of the other person's or entity's conduct. Plaintiff should also clarify whether he asserts his claims under Arizona or Nevada law.

Plaintiff is warned that if he elects to file an amended complaint and if he fails to comply with the Court's instructions explained in this Order or the Federal Rules of Civil Procedure, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1180

(affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was equally as verbose, confusing, and conclusory as the initial complaint").

Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint by **May 25, 2016**.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended complaint, the complaint may not be served until and unless the Court screens the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended complaint by **May 25, 2016**, the Clerk shall dismiss this action without further order from this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 3) is denied as moot.

Dated this 25th day of April, 2016.

Honorable John Z. Boyle
United States Magistrate Judge